IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERRI R. LOWE, ) | |
|               Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-806-D |
| ) | ECF |
| WELLCARE HEALTH PLANS, INC., and ) | |
| IRVING GILBERT, ) | |
|               Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff filed this action for recovery of payment due on a contract for services. She is proceeding pro se, and the Court has granted her leave to proceed *in forma pauperis*. Defendants are Wellcare Health Plans, Inc. ("Wellcare") and Irving Gilbert ("Gilbert").

**Factual background:**

Plaintiff states Wellcare and Gilbert breached a contract to pay her for her services as an insurance agent. She states Wellcare and Gilbert instead applied the money towards a debt owed to Wellcare by Gilbert. She claims Defendants actions violated the Thirteenth Amendment to the United States Constitution, 42 U.S.C. § 1994, 18 U.S.C. § 1581, 18 U.S.C. § 1951, and various state laws. Plaintiff seeks one million dollars in damages. **Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Plaintiff alleges both diversity and federal question jurisdiction. (*See*, Answer No. 3, Magistrate Judge's Questionnaire). For diversity jurisdiction, she states: (1) she is a resident of Dallas, Texas; (2) Defendant Wellcare is a resident of Pensacola, Florida; and (3) Defendant Gilbert is a resident of Plano, Texas. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under 28 U.S.C. § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Plaintiff also alleges federal question jurisdiction. She claims Defendants held her in a state a peonage and seeks relief under 42 U.S.C. § 1994 and 18 U.S.C. § 1581. Section 1994 abolishes the practice of peonage, while § 1581 makes the holding of a person in a state of peonage a criminal offense. Peonage is a "condition of compulsory service, based upon indebtedness to the master." *United States v. Reynolds*, 235 U.S. 133, 144 (1914). A claim of peonage requires indebtedness and compulsion. *Id*. at 144; *see also Pierce v. United States*, 146 F.2d 84, 86 (5th Cir. 1944) (finding peonage claim satisfied where victim proves that he is held against his will and made to work to pay a debt).

Although Plaintiff alleges she was made to work to pay a debt, she has failed to allege that Defendants held her against her will. Her peonage claims should therefore be dismissed.

Plaintiff also argues Defendants violated the Thirteenth Amendment's prohibition against involuntary servitude. The Fifth Circuit has defined involuntary servitude as "an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990). "When the employee has a choice, even though it is a painful one, there is no involuntary servitude . . . . A showing of compulsion is thus a prerequisite to proof of involuntary servitude." *Id*. In this case, Plaintiff has failed to show she was forced or compelled to work for Defendants. Her claims of involuntary servitude should be denied.

Plaintiff also claims Defendants violated Article 1, Clause 10, of the United States Constitution. That section states: "No State shall . . . pass any Bill of Attainder, ex post facto law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." Article 1, Clause 10, applies only to the states, rather than private actors. Plaintiff's claim should be denied.

Plaintiff also alleges Defendants violated the Hobbs Act, 18 U.S.C. § 1951, which prohibits interference with commerce by threats of violence. On its face, the Hobbs Act contains no reference to any private action. While the Fifth Circuit has not specifically addressed this issue, many other courts have held that this section creates no private right of action. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402 (8th Cir. 1999); *Decker v. Dunbar*, No. 5:06-CV-210, 2008 WL 4500650 at *43 (E.D. Tex. Sept. 29, 2008) (unpublished); *Barge v. Apple Computer*, No. 95 Civ. 9715 (KMV), 1997 WL 394935 at *2 (S.D.N.Y. July 15, 1997).

3

Because the Hobbs Act cannot support an independent civil claim, this claim should be dismissed.

Finally, Plaintiff also raises several state law claims. The Court recommends that these claims be dismissed without prejudice to Plaintiff's right to bring the claims in state court.

**RECOMMENDATION:**

The Court recommends that Plaintiff's federal claims be dismissed with prejudice and that Plaintiff's state law claims be dismissed without prejudice.

Signed this 21st day of August, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).